A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Hermandus Da'Shanski Bemien ___ 629863
Inmate (DOC) number

(Jury Trial Demand On All Issues)

(Enter above the full name of each plaintiff in this action.)

VERSUS

Amy Matthew; John Doe (Shephard); John Doe (Leslie); and Jane Doe (Clark)

(Enter above the full name of each defendant in this action.)

## Instructions for Filing Complaint by Prisoners Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

**IF YOU ARE A PARISH PRISONER,** you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

**IF YOU ARE A D.O.C. PRISONER,** you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Corrections.

**All copies of the complaint must be identical to the original.**

The names of all parties must be listed in the caption and in part III of the complaint exactly

**the same.**

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 350.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

## I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No ( X )

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
   Plaintiff(s): N/A

   Defendant(s): N/A

2. Court (if federal court, name the district; if state court, name the parish): N/A

3. Docket number: N/A

4. Name of judge to whom case was assigned: N/A

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): N/A

6. Date of filing lawsuit: N/A

7. Date of disposition: N/A

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted? Yes ( ) No (X )

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought. N/A

II. **Place of present confinement:**

A. Is there a prisoner grievance procedure in this institution? Yes (/) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? Yes (/) No ( )

C. If your answer is YES:

1. Identify the administrative grievance procedure number (s) in which the claims raised in this complaint were addressed. LSP-2026-0539

2. What steps did you take? I have exhausted the grievance— Grievance denied at both steps

3. What was the result? Denied at both steps of ARP (procedure)

D. If your answer is NO, explain why not: N/A

**III. Parties**

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) Hermandus Da'sharski Semien

Address Camp D/Hawk 4R8/La. State Prison/Angola, La 70712

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant Amy Matthew is employed as Major at LSP (Angola)

C. Additional Defendants: John Doe (Shepherd) - employed as Captain at Angola; John Doe (Leslie) - Employed as a EMT-Lieutenant at Angola; and Jane Doe (Clark) - Employed as Lieutenant at Angola.

**IV. Statement of Claim**

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

I.
Preliminary Statement

1. This is a section 1983 action filed by Hermandus Da'sharski Semien, a state Prison who is alleging violation of his Constitutional Rights and seeking money damages, declaratory Judgment and any and all other reliefs the Court finds the Plaintiff is entitled to.

II.
Statement of Jurisdiction

2. This is a civil Rights action under 42 U.S.C. section 1983. This Court has Jurisdiction under 28 U.S.C. section

1343. The Plaintiff also invokes the Pendent Jurisdiction of this Court.

## III.
## Parties

3. Plaintiff Hermandus Semien is presently incarcerated at the Louisiana State Prison, Angola (LSP).

4. Defendant Amy Matthew is a ranking prison guard (Major) at Angola. Her duties, among other things, to call transportation for a prisoner under her supervision when she is aware that said prisoner has been scheduled that day to immediately be taken to the dentist in order to have removed a tooth which is causing the prisoner severe pain. She is now being sued in her individual and official capacities.

5. Defendant John Doe (Shepherd) who full name is not known at the moment, is a ranking prison guard (Captain) at Angola. His duties, among other things, seeing that transportation for a prisoner under his supervision, when he is aware that said prisoner has been scheduled that day to immediately be taken to the dentist in order to have removed a tooth which is causing the prisoner severe pain. He is now being sued in his individual and official capacities.

6. Defendant John Doe (Leslie) who full name is not known at the moment, is a EMT (Emergency Medical Technician) at Angola. In this field as EMT, he holds the rank of that of lieutenant. However, in the capacity of EMT, he is the initial route a sick prisoner must go through before seeing a doctor. Moreover, in the capacity of EMT, he has the authority to order that a sick prisoner be immediately sent to the infirmary — never is this more so when he is aware that the sick prisoner has already been ordered by a doctor

to be immediately brought to dentist so prisoner can have removed a tooth that causing him severe pain. He is now being sued in his individual and official capacities.

7. Defendant Jane Doe (Clark) who full name is not known at the moment, is a ranking prison guard (lieutenant) at Angola. Her duties, among other things, is seeing to it a prisoner who is sick and who is under her supervision is transported to a scheduled dentist appointment immediately so he can have removed a tooth which is causing him severe pain. She is sued in her individual and official capacities.

8. All defendants above have acted under "color of state law" during all times relevant to this suit.

## IV.
## Facts

9. December 22, 2025, while housed at Angola, Hawk 2/L/6, Plaintiff stopped defendant John Doe (shepherd) informing him about a toothache Plaintiff was having at this very moment and thus Plaintiff needs to "make medical emergency."

10. Defendant John Doe (shepherd) then asked Plaintiff how long had he been having a problem with the tooth, which the Plaintiff told him for a few months now. This is when defendant John Doe (shepherd) said something to the effect: "Now, you've finally decided to say anything about it — I think you're only trying to work me, Man."

11. It was at this point Plaintiff informed John Doe (shepherd) that he was not trying to work him and Plaintiff been complaining of his tooth before transferred to this camp from Death Row

CCR.

12. At this point, defendant John Doe (Shepherd) told Plaintiff he did not believed the Plaintiff's situation merits that of an emergency but he would call medical emergency wherever "I find time."

13. At this point, Plaintiff reiterated to Captain Shepherd that he was in a lot of pain and that his situation was an emergency — Captain Shepherd only walked away.

14. While still in extreme pain; while still trying to follow the prison's protocol while waiting for Captain Shepherd, as he takes his time getting Plaintiff medical treatment, the Plaintiff is now forced to contact his Mother for help who in turn contact Warden Rosso's secretary — a Ms. James — who in turn sent word down the chain-of-command which finally prompted Captain Shepherd to call medical emergency personnels for the Plaintiff.

15. Medical personnel then came to see Plaintiff where he was told he would be placed immediately on dentist "call-out", however, in the meantime: Plaintiff was giving two tylenols for the pain.

16. A few days later Plaintiff was taken to see the dentist which he was prescribed antibiotics and ibuprofen by the doctor and told the tooth will be removed January 7, 2026.

17. At this time, the Plaintiff is housed right across the hall (Hawk 4/R8) when his scheduled date to have his tooth pull came, but he was <u>never</u> brought to his appointment by security.

18. At this point, Plaintiff had exhausted his prescribed antibiotics and ibuprofen and is back to experiencing pain with

the tooth, that once again the Plaintiff was forced to contact his Mother for help who in turn contacted the institution who in turn informed Plaintiff's Mother that Plaintiff had been rescheduled for January 14, 2026 to have the tooth pulled.

19. January 14, 2026 came—the date of Plaintiff's rescheduled appointment—the Plaintiff was told to get ready but, again, was not taking to have this painful tooth pulled.

20. Feburary 3, 2026, Plaintiff was scheduled to have his painful tooth pulled on this date but, once again, security here failed to have Plaintiff taken to his dental appointment.

21. On Feburary 3, 2026, Plaintiff had informed both defendants Amy Matthew; Jane Doe (Clark) that he is to be taken to the dental today in order to get this painful tooth removed and that security within this particular Camp appears to have some type of dislike for him because Plaintiff is not being brought to his scheduled dental appointments, like the doctor ordered.—defendants Amy Matthew; Jane Doe (Clark) did absolutely nothing to have Plaintiff transported on this specific day to the scheduled appointment, though both noticed Plaintiff's swollen Jaw.

22. Delay after delay of having the Plaintiff brought to his scheduled dental appointments have been hinder by the defendants' actions which in turn caused the Plaintiff to endure unnecessary pain and suffering before he was finally able to have this troublesome bad tooth removed from his mouth on March 3, 2026. However—

23. On Feburary 24, 2026, while conducting her "pill-call," Plaintiff once again informed defendant Jane Doe (Clark) that he needed to be brought to the dentist—by this point the Plaintiff's Jaw still swollen due to the rotten tooth, he was unable to eat as well as totally exhausted both mentally and physically; in fact, all of this so objective to this defendant—and yet defendant Jane Doe (Clark)

Refused to help the Plaintiff.

24. On the following morning of Feburary 25, 2026, around 5:30 defendant John Doe (Leslie) was making his rounds when at the time he could see that my Jaw was swollen and is when I (the Plaintiff) told him my Jaw is in this condition due to security here in this particular Camp keep Refusing to bring me to my scheduled appointments, so that I can have this painful tooth Pulled. It was at this time Plaintiff declared himself another medical emergency.

25. It was at this time defendant John Doe (Leslie) informed Plaintiff that he needed to tell security about his medical emergency when they make their rounds at 7:00 that morning.

26. At this point, the Plaintiff pointed out to defendant John Doe (Leslie) that he is EMT and that Plaintiff can make a medical emergency to him and that he had the authority to send Plaintiff to the dentist's office 'right now!

27. Defendant John Doe (Leslie) then ignored the Plaintiff while walking away..., after noticing Plaintiff's swollen Jaw.

28. On information and beliefs, the Plaintiff is under the impression that the reason that he was made to suffer more — much more — than need be in finally having the painful tooth extracted is because defendants herein were upset with Plaintiff since he was in Prison for Killing a Cop.

V.

Claims

First Cause of Action

29. The actions of defendants stated in paragraphs 9 through 28 Violated Plaintiff's Constitutional Right of the 8th Amendment when:

a) Plaintiff was subjected to cruel and unusual punishment by these defendants intentionally delays in having Plaintiff brought

(or sent) to Plaintiff's scheduled dental's appointments so that he could have a painful tooth removed.

Second Cause of Action

30. The actions of the defendants stated in paragraphs 9 through 28 violated the state law of negligent and the regulations of Louisiana Department of Corrections when:

a) defendants failed to exercise a reasonable degree of care in bringing Plaintiff to his scheduled dental's appointments so that he could have a painful tooth removed.

(OVER)

## VI. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. *Issue declaratory Judgment that defendants Violated both Plaintiff's U.S. Constitutional and State law Rights; *Grant Compensatory damages—$50,000 from each defendants; and *Grant Punitive damages—$40,000 from each defendants.

## VII. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any cost assessed by the Court, which, after payment of the partial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 24th day of September, 2026.

Hermandus Semien

Hermandus Semien

Signature of plaintiff(s)

United States District Court
Middle District of Louisiana

No. ____________

Hermandus Da'Shanski Semien
(Plaintiff)

Vs.

Amy Matthew; John Doe (Shepherd); John Doe (Leslie); and Jane Doe (Clark)
(Defendants)

42 U.S.C. Section 1983 Suit

S/ Hermandus Semien

Hermandus D. Semien #629863
Camp D/Hawk 4R8
La. State Prison
Angola, La 70712